WINDHORST, J.,
CONCURS IN PART AND DISSENTS IN PART WITH REASONS
IH respectfully concur in part, and dissent in part, with the majority’s opinion for the following reasons.
I concur with the majority’s finding that the trial court was not manifestly erroneous in finding that Dr. Michael Graham fell below the standard of care in failing to obtain consent to remove the right ovary and the removal of the right ovary.
However, I respectfully disagree with the majority’s conclusion that even though the trial court judgment made the sole express specific finding of liability based on Dr. Graham’s failure to obtain consent *500 to remove the plaintiffs right ovary and removal of the right ovary, there was an additional inherent finding of liability based upon an award of damages the majority considers to be in compensation for the June 2008 and December 2008 procedures [16] for which no liability was found by the trial court (Majority ^Opinion, page 16). I consider this an erroneous award of damages, not an inherent finding of liability for other procedures.
The first part of the trial court’s judgment, on considering the law and evidence, makes a finding of fact that Dr. Graham fell below the standard of in failing to obtain informed consent to remove Plaintiffs right ovary and in removing the right ovary. This conclusion by the trial judge necessarily requires a finding of fact, especially under the testimony and other evidence of this case. This finding of fact cannot be disregarded in the absence of a conclusion by the majority that the trial court was manifestly erroneous or clearly wrong. The majority makes no such finding. This finding by the trial court cannot be disregarded by claiming, as the majority does in footnote 12, that this specific finding by the trial court is nothing more than “reasons for judgment.” The award of damages is therefore limited to the trial court’s finding of liability, and the error lies in the amount of damages awarded for procedures for which no liability was found.
The trial court received testimony and evidence on all of Renea Fanguy’s other claims, including those claims concerning the use of Lupron and the first surgery in June 2008, against Dr. Graham.[17] The trial court judgment | ¡¡specifically found that Dr. Graham fell below the standard of care in failing to obtain consent to remove the right ovary and the removal of the right *501 ovary and awarded damages, but is silent as to the rest of Ms. Fanguy’s claims.[18] By its silence, the trial court is presumed to have denied Ms. Fanguy’s other claims because they were not specifically addressed.[19] When a judgment is silent as to a claim or demand that was litigated, it is presumed to be deemed denied by the trial court. Cambre v. St. John the Baptist Parish, 12-590 (La.App. 5 Cir. 5/16/13), 119 So.3d 73, 81, writ denied 13-1415 (La. App. 5 Cir. 10/11/13), 123 So.3d 1227. Yet in footnote 12, the majority opinion specifically states, “it is not presumed that Ms. Fanguy’s claims for the June 2008 surgery were rejected.” This premise of the majority disregards well-settled jurisprudence establishing the presumption that when a judgment is silent as to any claim or demand, it is deemed to be denied.
Ms. Fanguy argues that the trial court was correct in finding that Dr. Graham fell below the standard of care on all of her claims. However, the judgment is clearly limited to Ms. Fanguy’s claim that Dr. Graham fell below the standard of care in failing to obtain consent to remove the right ovary and the removal of the right ovary, which concern only the December 2008 surgery. Ms. Fanguy did not appeal the trial court’s denial of her other claims. Ms. l4Fanguy only appealed the award of general damages and stated that the trial court’s judgment was correct in all other respects. Those issues not specifically appealed by Ms. Fanguy were not before this Court and the majority’s opinion mistakenly addresses those issues.
Since the trial court’s judgment was limited, I further disagree with the majority’s finding that the trial court was manifestly erroneous in not rendering an award to Ms. Fanguy for loss of enjoyment of life, and rendering a judgment to reflect an award for loss of enjoyment of life in the amount of $15,000.00 in addition to the awards for past, present and future pain and suffering and past medical expenses. Additionally, I disagree with the majority’s finding that the trial court’s award of general damages in the amount of $33,000.00 was abusively low and its decision to increase Ms. Fanguy’s award of general damages to $50,000,00.
Accordingly, for the reasons stated above, I concur in part and dissent in part, with the majority’s opinion.

. The majority concludes that since the judgment awarded Ms. Fanguy all of her requested special damages which included both surgeries, the trial court "inherently" found, and the judgment necessarily included a finding, in favor of Ms. Fanguy on all of her claims. However, this is an incorrect assumption based on the facts of this case. In the joint pre-trial order, Ms. Fanguy's counsel stated that the $49,664.00 for past medical expenses was the amount of the June and December 2008 surgeries. This amount was not stipulated to at trial by the parties, nor were the medical bills itemized at trial by Ms. Fanguy. Moreover, the medical bills submitted at trial for the cost of the two surgeries do not add up to the amount stated by Ms. Fanguy's counsel in the pre-trial order and awarded by the trial court. Therefore, a review of the evidence shows that the judgment mistakenly awarded the incorrect amount of damages and the judgment should have been amended to decrease the amount of past medicals to $27,514.27 to reflect the correct amount in correlation with the trial court’s finding of liability and corresponding award of general damages ($33,000.000) as to the December 2008 surgery only. Instead of decreasing the amount of past medicals, the majority opinion amends the judgment to provide the correct amount for both surgeries and incorrectly concludes that because the trial court included all medicals, it is presumed to not have denied Ms. Fanguy's other claims. However, when a judgment is silent as to a claim or demand that was litigated, it is presumed to be denied. An award of damages does not necessarily determine a finding of liability on all claims litigated.

. Ms. Fanguy filed a medical malpractice complaint against Dr. Graham contending that he breached the applicable standard of care by failing to obtain her informed consent for the June 2008 and December 2008 surgeries. Ms. Fanguy claimed that the two surgeries were unnecessary, ineffective, and for each surgery Dr. Graham failed to discuss therapeutic alternatives, (i.e., Lupron), for chronic pelvic pain and endometriosis. Ms. Fanguy also contended that Dr. Graham breached the applicable standard of care by failing to inform her of the risk of removing only one ovary as opposed to both ovaries as it relates to endometriosis. Finally, Ms. Fanguy claimed that Dr. Graham breached the applicable standard of care when he removed the wrong ovaiy.

. Instead of acknowledging the presumption that a claim is denied if the judgment is silent as to the claim or demand, the majority incorrectly concludes that the finding of liability on the part of Dr. Graham during the second surgery ''inherently' included a finding by the trial court that both surgeries were medically unnecessary and Dr. Graham fell below the standard of care on all claims not specifically addressed in the judgment because the trial court awarded all specials stated in the pretrial order.

. While acknowledging that "there was medical testimony presented that supported both sides of the issues,” the majority’s opinion disregards the trial court’s limited finding of liability and the judgment’s silence on the majority of the issues, and concludes that the judgment inherently included a finding, in favor of Ms. Fanguy on all of her claims.